IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 25 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| RICHARD Dean MYERS II, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) 1:14-CV-0968 - ΑΤ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CITIGROUP, INC., a New York corporation; CITIMORTGAGE, INC., a Missouri Corporation; SETERUS, INC. a.k.a. KYANITE FINANCIAL BUSINESS SERVICES, INC., and subsequent Representatives, an Oregon and North Carolina Corporation; RESOLVE SOLUTION SERVICES CORP., a Texas Corporation; NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, INC., an Illinois Corporation, | ) |
| Defendants. | ) |

## MOTION TO SEVER ONE DEFENDANT AND STIPULATION OF SETTLMENT

This motion to sever one defendant and stipulation of settlement dated as of April 22, 2014 (the "Stipulation"), is made and entered into by and among the following Settling Parties (all capitalized terms not defined immediately in the text are defined in §IV.1 hereof) to the above-captioned case (the "Litigation"): (i) Plaintiff (as defined herein, on behalf of himself), and (ii) Resolve Solution Services, Corp. (severed Defendant as defined herein) in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof specifically between Plaintiff and Resolve.

### I. THE LITIGATION

On April 2, 2014, Plaintiff filed a complaint specifically alleging violations of Federal law against several defendants listed above. Among such defendants, was Resolve Solution

Case 1:14-cv-00968-ELR   Document 15   Filed 04/25/14   Page 2 of 8

Services, Corp ("Defendant-Resolve" or the "Company") and certain of its officers, in the United States District Court for the Northern District of Georgia, Atlanta Division.

On April 18, 2014, Defendant-Resolve initiated settlement negotiations with Plaintiff. On April 21, 2014, Defendant-Resolve and Plaintiff reached agreement during final negotiations to settle the Litigation.

## II. MOTION TO SEVER

Rule 20 provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or rising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "The court may issue orders--including an order for separate trials--to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b). This motion, pursuant to Federal Rule of Civil Procedure 21, seeks to sever Defendant-Resolve from other defendants listed in the complaint.

As Plaintiff and Defendant-Resolve have agreed to settle the matter as it relates to specifically-alleged pleading related to Defendant-Resolve severance of Defendant-Resolve from other defendants is appropriate.

## III. CLAIMS OF PLAINTIFF AND BENEFITS OFSETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims against all defendants listed in Litigation. Plaintiff recognizes and acknowledges defendant-Resolve's *de minimis* actions in light of other defendants' actions against Plaintiff. As a result, Plaintiff recognizes and acknowledges, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant-Resolve through trial and possible appeals. Plaintiff also has taken into account the uncertain outcome and the risk of any litigation against Defendant-Resolve, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff is also mindful of the inherent problems of proof under and possible defenses to the Federal law violations asserted in the Litigation. Plaintiff believes that the settlement with Defendant-Resolve set forth in the Stipulation confers substantial benefits upon Plaintiff and that the settlement set forth in the Stipulation is in the best interests of Plaintiff.

## III. DEFENDANT-RESOLVE DENIALS OF WRONGDOING AND LIABILITY

Defendant-Resolve has denied and continues to deny each and all of the claims and contentions alleged by Plaintiff in the Litigation. Defendant-Resolve has denied expressly and continues to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendant-Resolve also has denied and continue to deny, *inter alia*, the allegations that they

made any materially false statements or had any intent to make any, that Plaintiff has suffered damage, , or that Plaintiff was harmed by the conduct that was or could have been alleged in the Litigation.

Nonetheless, Defendant-Resolve has concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendant-Resolve also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. Defendant-Resolve, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for himself) and Defendant-Resolve, by and that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation.

**1. Definitions**
As used in the Stipulation, the following terms have the meanings specified below.

1.1 "Court" means the United States District Court for the Northern District of Georgia.

1.2 "Plaintiff" means Richard Dean Myers, II, filing pro se, as a non-entity person.

1.3 "Defendant-Resolve" means Resolve Solution Services, Corporation.

1.4 "Effective Date" means the first date by which all of the events and conditions specified in this Stipulation have been met and have occurred.

1.5 "Final" with respect to the Judgment to be entered pursuant to this Stipulation means that the Judgment has been entered by the Court and has not been modified, and (i) no appeal has been filed within the period in which an appeal might be filed under Rule 4 of the Federal Rules of Appellate Procedure; or (ii) if an appeal is filed, the Court of Appeals has affirmed the Judgment in all respects and the time for further appeal (including petition for a writ of certiorari) has expired without further appeal or the Judgment has been finally affirmed and no further appeal is permitted. Any proceeding or order, or any appeal or petition for a writ of certiorari, pertaining solely to any Plan of Allocation and/or Fee and Expense Application shall not in any way delay or preclude the Judgment from becoming Final.

1.6 "Judgment" means the final judgment and order of dismissal with prejudice to be rendered by the Court that contains all material terms of the proposed settlement agreement attached hereto as Exhibit A.

1.7 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.8 "Related Parties" means, with respect to Defendant-Resolve, past or present directors, officers, employees, partners, members, principals, agents, insurers, coinsurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, underwriters, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, estates, related or affiliated entities, any entity in which a Defendant-Resolve has a controlling interest, any members of any Defendant-Resolve's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family, and the heirs, successors and assigns of the foregoing not specifically-listed as defendants.

1.9 "Released Claims" means any and all rights, demands, claims (including "Unknown Claims" as defined below), liabilities, suits, debts, obligations, damages, losses, judgments, matters, issues, and causes of action of every nature and description, in law or equity, whether accrued or unaccrued, fixed or contingent, liquidated or un-liquidated, matured or un-matured, known or unknown, discoverable or undiscoverable, concealed or hidden, disclosed or undisclosed, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether individual in nature, that Plaintiff asserted, could have asserted, or in the future could or might have asserted in this Litigation or any other action, court, tribunal, proceeding, or forum against any of the Released Persons arising out of, in connection with, or in any way relating to, directly or indirectly, the contact of Plaintiff regarding debt during [enter dates] or the acts, facts, matters, allegations, representations, transactions, events, disclosures, statements or omissions that were or could have been alleged or asserted in the Litigation.

1.10 "Released Persons" means Defendant-Resolve and each of their Related Parties.

1.11 "Settling Parties" means, Plaintiff and Defendant-Resolve.

Respectfully submitted this 25th day of April, 2014.

*[signature: Richard D. Myers II]*

Richard D. Myers II,
*Pro Se*